UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TONY BENNETT a/k/a
ANSAR EL MUHAMMAD,

    Plaintiff,

  v.

Sheriff AHERN,

    Defendant.
                                /

No. C 08-4223 MHP (pr)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## INTRODUCTION

Tony Bennett a/k/a Ansar El Muhammad, an inmate at the Santa Rita County Jail in Dublin, filed a pro se civil rights complaint under 42 U.S.C. § 1983 concerning a variety of conditions at the jail. His complaint alleges that it is colder in the cell than it is outside the jail, the clothes smell sour or are still dirty when they are exchanged weekly for the inmates, the inmates are kept in their cells except for about 20 minutes for dinner and breakfast, and the inmates are not allowed to clean out their cells or the pod. His complaint is now before the court for review pursuant to 28 U.S.C. § 1915A.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. §1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915A(b)(1),(2).

1   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that
2   a right secured by the Constitution or laws of the United States was violated and (2) that the
3   violation was committed by a person acting under the color of state law.  See West v. Atkins,
4   487 U.S. 42, 48 (1988).

5   Although a plaintiff is not required to plead "specific factual details not ascertainable
6   in advance of discovery," Gibson v. United States, 781 F.2d 1334, 1340 (9th Cir. 1986), he
7   does not state a claim under 42 U.S.C. § 1983 if the allegations in the complaint are mere
8   conclusions, Kennedy v. H & M Landing, Inc., 529 F.2d 987, 989 (9th Cir. 1976).  A
9   complaint must contain sufficient allegations to put defendants fairly on notice of the claims
10  against them.  McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).  A complaint that fails
11  to state the specific acts of the defendant which violated the plaintiff's rights fails to meet the
12  notice requirements of Federal Rule of Civil Procedure 8(a).  Hutchinson v. United States,
13  677 F.2d 1322, 1328 n.5 (9th Cir. 1982).  The failure to comply with Rule 8(e), requiring
14  each averment of a pleading to be "simple, concise, and direct," is also a basis for dismissal.
15  McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming dismissal of complaint
16  that was "argumentative, prolix, replete with redundancy, and largely irrelevant").

17  Muhammad's complaint is too short on details for the court to determine whether any
18  of his constitutional rights may have been violated.  He speaks in generalities when specifics
19  are needed, such as his assertions that it is "colder in the cell than it is on the outside," that
20  the clothes smell sour or dirty when exchanged, and that inmates cannot clean their cells.
21  Complaint, pp. 3.  The problems about which Muhammad complains are of the sort that are
22  constitutionally insignificant if they existed only for a short while (cold cells, smelly clothes,
23  dirty cells, limited out-of-cell time) and only rise to the level of a constitutional violation
24  when they persist for an extended period of time.  The duration cannot be determined,
25  however, because the complaint does not identify the dates on which any events occurred.
26  The complaint also does not allege who the wrongdoers were, or whether Muhammad was
27  actually harmed by any of the events.   He must file an amended complaint to cure the
28  deficiencies addressed below.

2

First, he must state each claim separately in his amended complaint. For each claim, he must allege the facts showing his entitlement to relief from the defendants. With some effort, Muhammad can state his claims for relief such that they will be short and plain statements of each claim, rather than the generalized grievances that are in the original complaint. For example, if he wants to complain about the laundry exchange, he should allege the date(s) on which he received unclean clothes, who caused those clothes to be provided to him, and explain whether his problem is that he doesn't like the smell of the cleanser that is used or that the clothes have not been washed at all. By way of further example, if he claims he is unable to clean his cell, he should explain who is preventing him from cleaning his cell and how that person is preventing him from cleaning his cell.

Second, the amended complaint must identify (in each claim) each and every defendant who Muhammad proposes to hold liable on that claim. Muhammad must be careful to allege facts showing the basis for liability for each individual defendant. He should not refer to them as a group (e.g. "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Muhammad is cautioned that there is no respondeat superior liability under Section 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. Liability under Section 1983 arises only upon a showing of personal participation by the defendant. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Third, Muhammad may only assert claims for violations of his own rights. He has no standing to complain about problems that only harmed other inmates. Thus, for example, he has no standing to assert a claim about food problems or dirty cells that affected only other inmates.

Fourth, the complaint may not satisfy Federal Rule of Civil Procedure 20(a) concerning joinder of claims and defendants. (The court cannot say with certainty whether there is a joinder problem because Muhammad failed to connect any defendant to any

3

claim.). Rule 20(a) provides that all persons "may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." In his amended complaint, Muhammad may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants named therein. Claims that do not satisfy Rule 20(a) must be alleged in separate complaints.

Lastly, administrative remedies must have been exhausted for each claim asserted in a federal civil rights complaint before the action is filed. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

## CONCLUSION

The complaint is DISMISSED with leave to amend. The amended complaint must be filed no later than **March 31, 2009**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to file the amended complaint by the deadline will result in dismissal of this action.

IT IS SO ORDERED.

Dated: February 27, 2009

_____
Marilyn Hall Patel
United States District Judge

4